# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC., )
IOFINA RESOURCES, INC., and )
IOFINA CHEMICAL, INC., )
)
    Plaintiffs, )
)
v. ) Case No. CIV-14-1328-M
)
IGOR KHALEV and )
KIVA HOLDING, INC., )
)
    Defendants. )

## ORDER

Before the Court is Defendants Igor Khalev ("Khalev") and Kiva Holding, Inc.'s (collectively "Defendants") Motion to Dismiss Plaintiffs' Complaint Pursuant to FED. R. CIV. P. 12(B)(1) and 12(B)(6), filed January 20, 2015. On February 9, 2015, plaintiffs (collectively the "Iofina Entities") responded, and on February 17, 2015, Defendants replied. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

The Iofina Entities[2] are in the iodine extraction and chemical manufacturing business. Iofina, Inc. holds a patent for mobile/modular iodine recovery systems for extraction of iodine from oil brines. The Iofina Entities allege they have also developed

---

[1] The alleged facts set forth are taken from the Iofina Entities' Complaint.
[2] The Iofina Entities consist of: (1) Iofina, Inc., f/k/a Iofina Natural Gas, Inc., (2) Iofina Resources, Inc., which is a wholly-owned subsidiary of Iofina, Inc., and (3) Iofina Chemical, Inc., which is also a wholly-owned subsidiary of Iofina, Inc.

trade secrets and proprietary confidential information that is unique to the Iofina Entities and constitutes a protectable right. The Iofina Entities allege:

> 11. The trade secret and confidential proprietary information of the Iofina Entities includes without limitation, Iofina's fabrication drawings and designs, research and development for the extraction of Iodine from oilfield waste, criteria and analysis for the selection of economically viable field locations, the business model and tools necessary to make the process a viable economic activity, the relationship and financial arrangements with vendors for equipment and the equipment utilized in the iodine extraction process.
>
> 12. Iofina Natural Gas, Inc., now Iofina, Inc. hired the Defendant Igor Khalev on or about September 9, 2011 as Vice President of Engineering. Khalev's job duties included communicating and working with equipment vendors, overseeing the design construction and operation of iodine extraction plants and the protection of Iofina's trade secrets and proprietary and confidential information.

Compl. ¶¶ 11&12. On October 4, 2011, Khalev executed an Employee Non-Disclosure Proprietary Information and Patent and Invention Assignment Agreement ("Non-Disclosure Agreement"), in which he acknowledged "that he would become privy to certain proprietary information, . . . during his employment with Iofina, Inc. and that such proprietary information would be the sole property of Iofina and its assigns." *Id*. ¶ 13. "Khalev represented that he would keep such proprietary information in the strictest of confidence and would not use or disclose any proprietary information to any entity without the written consent of the Company." *Id.* Khalev also entered into a Covenant Not to Compete Agreement ("Not-to-Compete Agreement") with Iofina, Inc. in which he

covenanted that he would not, during his employment with Iofina, Inc. and for one year thereafter,

> directly or indirectly own, manage, control or participate in the ownership, management or control of, or be employed by, consult for, or be connected in any manner with, any business engaged which directly competes with Iofina, Inc. or any of its parent, subsidiaries, or affiliated companies; that he would not assist others in engaging in any competitive business as described above; and that he would not induce any employees of Iofina, Inc., its affiliates or subsidiaries, to terminate their employment with the Company or such affiliate or subsidiary and/or engage in any competitive business.

*Id.* ¶ 14.

On August 12, 2013, Khalev's employment with Iofina, Inc. was terminated, and the Iofina Entities allege that now Khalev, through defendant Kiva Holding, Inc., is

> directly using trade secret and proprietary and confidential information of the Iofina Entities to assist in the building of an iodine extraction plant in Leedy, Dewey County, Oklahoma. In doing so, Defendants Khalev and Kiva Holding, Inc. are using the same or identical process, design, equipment and vendors which are trade secret and proprietary information of the Iofina Entities.

*Id.* ¶ 16. The Iofina Entities further allege that Defendants' actions in the use of Iofina Entities' trade secrets and proprietary and confidential information for the development, construction and eventual operation of the iodine extraction plant in Leedy, Oklahoma constitutes an improper and illegal use of trade secrets of Iofina, Inc. and a violation of Khalev's obligations pursuant to both the Non-Disclosure Agreement and the Not-to-Compete Agreement.

The Iofina Entities allege that they are suffering and will continue to suffer irreparable harm if Defendants are allowed to continue their improper and illegal use of its trade secrets and proprietary and confidential information. Because of these allegations, the Iofina Entities assert the following causes of action against Defendants: (1) violation of the Oklahoma Uniform Trade Secret Act ("OUTSA") (both Defendants); (2) unfair competition (both Defendants); (3) conversion (both Defendants); (4) unjust enrichment (both Defendants); (5) tortious interference with prospective economic advantage (both Defendants); (6) breach of the duty of loyalty (Khalev); (7) tortious interference with a business relationship (Kiva Holding, Inc.); (8) aiding and abetting (Kiva Holding, Inc.); and (9) injunctive relief.[3]

## II.    Standard for Dismissal

Defendants now move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss this action for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. "Rule 12(b)(1) motions generally take one of two forms.  The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation omitted).  "The burden

---

[3] All of the Iofina Entities' causes of action, other than the OUTSA claim, will be collectively referred to as the "common law causes of action".

of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air*

*Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Subject Matter Jurisdiction

Defendants present evidence[4] to challenge the factual basis upon which subject matter jurisdiction rests in this case. "In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001) (internal citations and quotations omitted). "In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id*.

Defendants contend that Iofina Resources, Inc. and Iofina Chemical, Inc. have no standing to bring an action for violation of the OUTSA.[5] Specifically, Defendants assert that the Non-Disclosure Agreement and the Not-to-Compete Agreement, the violation of which is the basis for the Iofina Entities' OUTSA claim, were only between Khalev and Iofina, Inc., and therefore, Iofina Resources, Inc. and Iofina Chemical, Inc. are not the real parties in interest entitled to bring an OUTSA claim against Defendants. The Iofina

---

[4] Defendants filed a Declaration of Igor Khalev [docket no. 9] and attached as exhibits: (1) the Not-to-Compete-Agreement; (2) the Non-Disclosure Agreement; and (3) Iofina plc's Interim Results for the six months ended 30 June 2011.

[5] Defendants are not moving the Court to dismiss Iofina, Inc.'s OUTSA claim.

6

Entities contend that, in their Complaint, they did not limit their claims for misappropriation of trade secrets to only violations of the agreements.

Having carefully reviewed the Iofina Entities' Complaint, the evidentiary submissions submitted by Defendants, and the parties' submissions, the Court finds that Iofina Resources, Inc. and Iofina Chemical, Inc. have standing to bring an OUTSA violation claim against Defendants. Specifically, the Court finds that in their Complaint, the Iofina Entities claim that the trade secrets, as well as confidential proprietary information, identified in the Complaint (*see* Compl. ¶ 11) were developed by and belong to the Iofina Entities, which include Iofina Resources, Inc. and Iofina Chemical, Inc. Further, the Iofina Entities allege:

> 22. The Defendants' actions, in knowingly, willfully and maliciously taking and using Iofina Entities' confidential and proprietary information, documents, and trade secrets constitute violations of the Uniform Trade Secrets Act, Okla. Stat. tit. 78 § 86 et seq., . . . .

Compl. ¶ 22. The Court finds no indication that the Iofina Entities were only referring to Khalev violating the Not-to-Compete Agreement and the Non-Disclosure Agreement, between Khalev and Iofina, Inc., when they alleged that Defendants violated the OUTSA. Therefore, the Court has subject matter jurisdiction to hear Iofina Resources, Inc. and Iofina Chemical, Inc.'s claim that Defendants violated the OUTSA.

### B. Failure to State a Claim

Defendants contend the Iofina Entities' common law causes of action should be dismissed for failure to state a claim upon which relief can be granted. Specifically, Defendants assert that the Iofina Entities' common law causes of action are displaced by

the Iofina Entities' OUTSA cause of action. Defendants cite to Okla. Stat. tit. 78, § 92(A), which provides:

> A. Except as provided for in subsection B of this section, the Uniform Trade Secrets Act displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.

Okla. Stat. tit. 78, § 92(A). The Iofina Entities assert that their common law causes of action do not solely rely on Defendants' alleged violation of the OUTSA.

Having carefully reviewed the Iofina Entities' Complaint, and presuming all of the Iofina Entities' factual allegations are true, and construing them in the light most favorable to the Iofina Entities, the Court finds that, at this stage of the litigation, the Iofina Entities have the right to plead alternative theories of recovery. Further, the Court finds the Iofina Entities' Complaint has sufficiently set forth a plausible claim for each of its common law causes of action, and, therefore, at this time, the Iofina Entities' common law causes of action should not be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendants Igor Khalev and Kiva Holding, Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to FED R. CIV. P. 12(B)(1) and 12(B)(6) [docket no. 8].

**IT IS SO ORDERED this 27th day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE