# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC.,  )
IOFINA RESOURCES, INC. and  )
IOFINA CHEMICAL, INC.,  )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,  )
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　Case No. CIV-14-1328-M
　　　　　　　　　　　　　　　　)
IGOR KHALEV, and  )
KIVA HOLDING, INC.,  )
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.  )

## **ORDER**

Before the Court is plaintiffs' Application for Temporary Restraining Order Pending a Hearing on Plaintiffs' Request for Permanent Injunction, filed November 28, 2016. On November 29, 2016, defendants filed their response. On November 30, 2016, plaintiffs filed their reply, and on December 1, 2016, defendants filed their sur-reply. Based upon the parties' submissions, the Court makes its determination.

This case was tried to a jury from November 4, 2016 through November 28, 2016. After deliberation, the jury returned a verdict in favor of plaintiffs and against defendant Igor Khalev ("Dr. Khalev") on plaintiffs' claims for misappropriation of trade secrets, breach of contract, unfair competition, and conversion; a verdict in favor of Dr. Khalev and against plaintiffs on plaintiffs' claims for tortious interference with contract and breach of fiduciary duty; a verdict in favor of defendant KIVA Holding, Inc. ("KIVA") on plaintiffs' claims for misappropriation of trade secrets, unfair competition, conversion, and tortious interference with contract; and a verdict in favor of Dr. Khalev and against plaintiffs on Dr. Khalev's counterclaim for breach of contract.

Plaintiffs now move this Court to grant a temporary restraining order against Dr. Khalev pending a hearing on plaintiffs' request for a permanent injunction. Specifically, plaintiffs request a temporary restraining order prohibiting Dr. Khalev from further breaching the Non-Disclosure Agreement or violating the Oklahoma Uniform Trade Secrets Act ("OUTSA") by using or disclosing plaintiffs' trade secret process for iodine extraction. Plaintiffs assert that the purpose of such a temporary restraining order would be to honor the jury's findings in favor of plaintiffs on their claims of misappropriation or trade secrets and breach of the Non-Disclosure Agreement and that entering a temporary restraining order would preserve the status quo and ensure that Dr. Khalev does not further breach the Non-Disclosure Agreement or further violate the OUTSA with respect to plaintiffs' trade secret process during the time period between the jury's verdict and the Court's resolution of plaintiffs' request for a permanent injunction. Plaintiffs further assert that both the OUTSA and the Non-Disclosure Agreement authorize the issuance of injunctive relief due to the jury's verdict in plaintiffs' favor.

Plaintiffs contend that they have satisfied all four of the elements required to obtain a temporary restraining order.[1] First, plaintiffs contend that they have prevailed on the merits. Second, plaintiffs contend that by contract and statute, they have established that they have been irreparably harmed and that such harm will continue if Dr. Khalev is permitted to further

---

[1] To obtain a temporary restraining order, the moving party must establish:
> (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction if issued will not adversely affect the public interest.

*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

misappropriate their trade secret process. Third, plaintiffs contend that because the scope of the proposed temporary restraining order is narrowly tailored to the specific injury found to have occurred by the jury, any harm that might be occasioned by Dr. Khalev in complying with the temporary restraining order would be clearly outweighed by the threatened injury to plaintiffs. Finally, plaintiffs contend the issuance of the proposed temporary restraining order will not adversely affect the public interest because the Oklahoma Legislature has provided for injunctive relief in these specific circumstances, as well as promoted the enforcement of contractual rights.

Defendants assert that the Court should not enter a temporary restraining order because plaintiffs' requested temporary restraining order seeks to enjoin Dr. Khalev, along with any other persons acting by or under his authority, from using plaintiffs' trade secret process for iodine extraction and that if the temporary restraining order were entered, the result would be to enjoin KIVA, which the jury found was not liable for misappropriation of plaintiffs' trade secret process. Defendants contend that this would contradict the jury's explicit findings in favor of KIVA and would adversely affect the public interest because it would restrain KIVA from continued operation even though the jury found that it committed no wrongdoing. Defendants further assert that since the jury found KIVA's operation of its iodine extraction plant in Leedey, Oklahoma does not violate plaintiffs' trade secret process, whatever basis the jury had for finding against Dr. Khalev on the misappropriation of plaintiffs' trade secret process claim, that basis could not be KIVA's operation. Defendants, therefore, contend that any injunction that would preclude Dr. Khalev from continued operation of the plant would be impermissibly broad as being contrary to the jury's verdict.

Defendants also object to plaintiffs' proposed order. First, defendants contend the proposed order fails to state the reasons why the order is being issued. Second, defendants contend the

3

proposed order fails to specifically state its terms or describe in reasonable detail the acts restrained. Finally, defendants contend that plaintiffs' proposed order is overbroad.

In their reply, plaintiffs assert that defendants' arguments are flawed for the following reasons: (1) defendants mischaracterize the impact on KIVA; (2) defendants misinterpret the applicable law; (3) defendants misrepresent KIVA's "innocence"; and (4) defendants unfairly contort the injunctive relief plaintiffs seek. Specifically, plaintiffs contend that their proposed order does not expressly prohibit KIVA from operating its plant but simply prohibits Dr. Khalev from further breaching the Non-Disclosure Agreement and further misappropriating plaintiffs' trade secret process. Plaintiffs state that they are concerned that Dr. Khalev may continue to use or disclose plaintiffs' trade secrets and confidential and proprietary information, either with KIVA or other entities, to build additional iodine extraction plants using plaintiffs' trade secret process. Plaintiffs further contend that the weight of authority holds that a party found liable for misappropriation of trade secrets may be enjoined from further misappropriating the trade secrets even where an interested party was not found liable for misappropriation but may be affected by the injunction. Plaintiffs also contend that defendants' framing of KIVA as an innocent party is not supported by the record in this case or defendants' own stipulations in this case. Finally, plaintiffs contend that numerous courts have upheld the scope and specificity of injunctions similar to the one proposed by plaintiffs, which simply prohibit the enjoined party from using or disclosing trade secrets or confidential information.

In their sur-reply, defendants assert that there is nothing disingenuous about their wishes that the jury's verdict as a whole be honored. Defendants further assert that unless and until the Court overturns the jury's verdict, KIVA is innocent of misappropriating plaintiffs' trade secret(s) and

innocent of tortiously interfering with Dr. Khalev's Non-Disclosure Agreement. Finally, defendants assert that the weight of authority does not hold that a party held liable for misappropriation of trade secrets may be enjoined from further misappropriating trade secrets even where an interested party was found not liable for misappropriation but may be affected by the injunction.

Having carefully reviewed the parties' submissions, the Court finds that the temporary restraining order requested by plaintiffs, as limited by this Court, should be entered. Specifically, the Court finds that in light of the jury's verdict in favor of plaintiffs and against Dr. Khalev on plaintiffs' claims for misappropriation of trade secrets and breach of the Non-Disclosure Agreement, plaintiffs have shown that they have prevailed on the merits. Additionally, the Court finds that based upon Section 9 of the Non-Disclosure Agreement and the case law, plaintiffs have shown that they will suffer irreparable harm unless the temporary restraining order is issued. The Court further finds that due to the limited scope of the temporary restraining order this Court will issue, any harm that might be incurred by Dr. Khalev in complying with the temporary restraining order would be outweighed by the threatened injury to plaintiffs. Finally, the Court finds that the issuance of the temporary restraining order will not adversely affect the public interest.

Accordingly, the Court GRANTS plaintiffs' Application for Temporary Restraining Order Pending a Hearing on Plaintiffs' Request for Permanent Injunction [docket no. 270] and temporarily ENJOINS Dr. Khalev from continuing to use or disclose plaintiffs' trade secret process and confidential and proprietary information, either with KIVA or other entities, to build additional iodine extraction plants using plaintiffs' trade secret process until further order of this Court.[2]

---

[2]The determination of whether KIVA should be enjoined from operating its Leedey, Oklahoma plant will be decided after full briefing by all parties regarding plaintiffs' request for a permanent injunction.

Additionally, the Court SETS a hearing on plaintiffs' request for permanent injunction on Thursday, December 22, 2016 at 10:00 a.m. Plaintiffs shall file their brief in support of their request for permanent injunction on or before December 8, 2016. Defendants shall file their response to plaintiffs' brief on or before December 15, 2016, and plaintiffs shall file their reply, if any, on or before December 19, 2016.

**IT IS SO ORDERED this 2nd day of December, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE