# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC.,                                     )
IOFINA RESOURCES, INC., and                      )
IOFINA CHEMICAL, INC.,                           )
                                                 )
                     Plaintiffs,                 )
                                                 )
vs.                                              )          Case No. CIV-14-1328-M
                                                 )
IGOR KHALEV, and                                 )
KIVA HOLDING, INC.,                              )
                                                 )
                     Defendants.                 )

## ORDER

Before the Court is defendants' Motion for Declaration of Mistrial, filed November 22, 2016.

Plaintiffs have responded to defendants' motion. Defendants move for a declaration of mistrial

based on plaintiffs' counsel's allegedly improper argument made during closing argument.

Specifically, defendants assert that plaintiffs' counsel's statement that the jury's decision is "very

important to Iofina being able to continue to conduct business in the State of Oklahoma" is

unsupported by the record and that the statement's potential prejudicial impact on the jury, i.e., that

the fate of their fellow citizens' jobs rests in their decision, is unjustifiable, indefensible, and should

result in a mistrial, especially given the currently depressed oil and gas economy of Oklahoma.

The Tenth Circuit has held: "[i]n reviewing the issue of improper closing argument, we have

exercised great caution in setting aside a judgment because of such remarks. We have held that even

though argument may be improper, a judgment will not be disturbed unless it clearly appears that

the challenged remarks influenced the verdict." *Lambert v. Midwest City Mem'l Hosp. Auth.*, 671

F.2d 372, 375 (10th Cir. 1982) (internal citations omitted). Additionally, the Tenth Circuit has

identified the following three factors as indicating that improper closing remarks rise to the level

meriting reversal: (1) counsel truly overemphasizes the improper argument; (2) the absence of any meaningful curative action, and (3) the apportionment of liability and the size of the damage award, while not beyond the bounds of rationality, suggest that counsel's comments had a prejudicial effect. *See Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1131-32 (10th Cir. 2009).

Having carefully reviewed the parties' submissions, and having presided over the trial and heard the evidence presented and the closing arguments made by counsel, the Court finds that any allegedly improper statements made by plaintiffs' counsel in closing argument do not warrant a mistrial. Even assuming the statements made by plaintiffs' counsel are improper, the Court finds that plaintiffs' counsel did not overemphasize the allegedly improper argument; the statement was made once in plaintiffs' counsel's entire forty-five minute closing argument. Further, the Court finds that any prejudice from plaintiffs' counsel's statements was mitigated because the Court instructed the jury that counsels' arguments are not evidence. Finally, the Court finds plaintiffs' counsel's statements did not have a prejudicial effect on the ultimate verdict. The amount of damages awarded by the jury to plaintiffs was significantly less than the amount sought by plaintiffs.

Accordingly, the Court DENIES defendants' Motion for Declaration of Mistrial [docket no. 266].

**IT IS SO ORDERED this 14th day of December, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE