## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC., IOFINA RESOURCES, INC. )
and IOFINA CHEMICAL, INC., )
                                               )
           Plaintiffs, )
                                                 )    Case No. CIV-14-1328-M
v. )
                                               )
IGOR KHALEV and KIVA HOLDING, INC., )
                                               )
           Defendants. )

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RENEWED MOTION
## FOR JUDGMENT AS A MATTER OF LAW
## OR TO DEEM IT EFFECTIVE  UPON "ENTRY OF JUDGMENT,"
## WITH SUPPORTING BRIEF

Although several claims remain pending and no final judgment has been entered in this case, Defendants filed a Renewed Motion for Judgment as a Matter of Law or to Alter or Amend Judgment ("Renewed Motion for JMOL") under Fed. R. Civ. P. 50(b) and 59(e), on March 20, 2017 (Dkt. No. 328).  Because there is no final appealable judgment, Defendants' Renewed Motion for JMOL is premature under both Fed. R. Civ. P. 50(b) and Fed. R. Civ. P. 59(e)—both of which provide for such motions "after the entry of judgment."  Defendants' Renewed Motion for JMOL should be stricken, or ordered to become effective upon "entry of judgment."  This approach is the one taken by another District Court in this Circuit in similar circumstances, and in several federal and state procedural rules, as discussed below. *See* Proposition III.

In the event the Court determines that it is appropriate to consider Defendants' Renewed Motion for JMOL before "entry of judgment," Plaintiffs request that the Court

order that Plaintiffs may respond to such motion within 10 days after the Court enters its

Order making that determination.

## ARGUMENT AND AUTHORITIES

I.   **The Court need not decide the present motion in the event it grants Plaintiffs' Motion to Stay Proceedings Pending Appeal.**

On March 15, 2017, Plaintiffs filed a Motion to Stay Proceedings Pending Appeal.

*See* Dkt. No. 321.   As indicated in that motion, a stay of all proceedings pending

resolution of Plaintiffs' appeal in Tenth Circuit Appeal No. 17-6054 would prevent the

Court and parties from needlessly expending time and effort on matters upon which the

Tenth Circuit's decision is likely to give significant guidance on the material issues

remaining in future proceedings herein.   Such a stay of proceedings would, of course,

obviate the need to determine at this time whether Defendants' Renewed Motion for

JMOL is effective before "entry of judgment" notwithstanding the provisions of Rule

50(b) and 59(e) to the contrary.

II.   **Defendants' Motion for JMOL Is Premature Until "After Entry of Judgment."**

The Renewed Motion for JMOL is premature.   Fed. R. Civ. P. 50(b) and 59(e)

both explicitly provide that a motion thereunder is due "[n]o later than 28 days *after* the

entry of judgment," with exceptions inapplicable here.   (Emphasis added.)   The 1991

Committee Comment to Rule 50(b) confirms the intent that the motion "must be made

within 10 [now 28] days after entry of a contrary judgment."   The use of "judgment" in

Rule 50(b) refers to a final judgment, which under Rule 54 is "any order from which an

appeal lies."   Fed. R. Civ. 54(a); *see O. Hommel Co. v. Ferro Corp.*, 659 F.2d 340, 353-

354 (3d Cir. 1981) (holding that "judgment" as used in Rule 50(b) means "final judgment," explaining that Fed. R. App. P. 4(a)(4) assumes that a renewed motion for judgment as a matter of law, formerly a JNOV motion, will be made after entry of final judgment). Thus, the time to file a Rule 50(b) motion does not begin to run before entry of a final appealable judgment. Similarly, Rule 59(e) was added in 1946 to make "clear that the district court possesses the power . . . to alter or amend a judgment after its entry." 1946 Advisory Committee Comment.

In this case, the Court's February 17, 2017 Judgment (Dkt. No. 314) on the jury verdict adjudications of some of the claims asserted is not final under Rule 54(b). A final appealable judgment under 28 U.S.C. § 1291 is "one that fully resolves all claims for relief" and "terminates all matters as to all parties and causes of action." *Gross v. Pirtle*, 116 F. App'x 189, 193 (10th Cir. 2004) (citations and marks omitted). Thus, in a "multiple claim/multiple party case, a district court order that adjudicates fewer than all the claims raised or rules as to fewer than all the parties is not a 'final decision'" unless the district court certifies such order under Fed. R. Civ. P. 54(b). *Id.* (citations omitted). In particular, a judgment that disposes of causes of action in the complaint, "while leaving a counterclaim pending, is not a final judgment." *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128 (2d Cir. 2000). Furthermore, "a district court order that resolves claims for damages presented to a jury at trial but fails to dispose of a claim for injunctive relief before the district court does not constitute an appealable final decision within the meaning of 28 U.S.C. § 1291." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541 (10th Cir. 1996).

Here, the Court has not fully resolved all claims for relief. It has not disposed of Defendants' counterclaims; it has not fully disposed of Plaintiffs' claim for injunctive relief;[1] and it has not directed entry of a final judgment as to fewer than all claims or all parties under Fed. R. Civ. P. 54(b).[2]

Defendants have incorrectly suggested elsewhere that this Court *did* issue a Rule 54(b) certification resulting in a final "judgment" under Fed. R. Civ. P. 54(a).[3] This Court did no such thing and would obviously know if it had. Tenth Circuit case law follows the nationally accepted view on the requirement for a Rule 54(b) certification: that it must be "explicit," reasoned, and clear as to the intent to certify. *E.g., New Mexico v. Trujillo*, 813 F.3d 1308, 1316–17 (10th Cir. 2016) ("In the absence of express determinations, we have declined to 'look beyond the text of the district court's order to determine whether it can be said to have made the requisite determinations.' [Citations omitted.] In other words, when district courts fail to make express determinations, we do not consider the parties' arguments about finality and no just reason for delay."). A Rule 54(b) certification must accordingly be supported by express and reasoned findings under that rule:

---

[1] *See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d at 1541. Indeed, Defendants have conceded that the judgment is not final for this very reason. *See* Defendants' Reply in Support of Motion to Strike Notice of Appeal [Dkt. No. 341], at 5 ("Defendants ask the Court to . . . set a schedule for finalizing [the] injunction **so there will be a final order** . . . .") (emphasis added).

[2] Defendants have conceded that their counterclaims remain pending, *see* Dkt. No. 336, at 7, and do not seriously deny that no final judgment has yet been entered herein.

[3] Defs.' Resp. to Pls.' Mot. to Strike Defs.' Mot. for Attorneys' Fees [Dkt. No. 345], at 4-5.

4

> This determination [of "finality" and "no just reason for delay"] must appear in the district court's order certifying the matter for appeal. We have interpreted the "expressly determines" language of the rule to require district courts to make two explicit determinations in the certification order. First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment. In doing so, district courts should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we can review a 54(b) order more intelligently and thus avoid jurisdictional remands."

*New Mexico v. Trujillo*, 813 F.3d at 1316 (citations omitted).

Moreover, contrary to Defendants' assertions, the Court's orders entered on February 17, 2017 are integrally related to the remaining unadjudicated issues, as Defendants have themselves asserted, and are thus not even eligible for a Rule 54(b) certification. *E.g., CCPS Transp., LLC v. Sloan,* 611 F. App'x 931, 933 (10th Cir. 2015) ("[H]owever they are pleaded, different remedial requests do not make for different claims. . . . *See, e.g., Liberty Mut. Ins. Co.*, 424 U.S. at 744, 96 S.Ct. 1202 (explaining that 'where assessment of damages or awarding of other relief remains to be resolved,' judgments 'have never been considered to be "final" within the meaning of 28 U.S.C. § 1291'")); *Jordan v. Pugh*, 425 F.3d 820, 829 (10th Cir. 2005) ("Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits. Partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims. [Citation omitted.] Application of the rule should preserve the 'historic federal policy against piecemeal appeals.' *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. 1460 [quoting other Supreme Court authority]").

Because there is no final judgment within the meaning of Rule 54(a), Defendants' Renewed Motion for JMOL is premature, and thus not yet effective.

**III.     Because the Renewed Motion for JMOL is premature, the Court should strike it or order that it becomes effective upon "entry of judgment."**

Because Defendants' Motion for JMOL is not yet effective, the Court should either strike it, or Order that it becomes effective upon "entry of judgment" as provided in Rule 50(b) and Rule 59(e) – the approach taken by another District Court in this Circuit, discussed below.  Since the time to file Rule 50(b) and 59(e) motions starts to run upon "entry of judgment," *all* such motions from *both* sides will be due "28 days after entry of judgment" and the Court will be able to decide all of the related issues together, as the drafters of the Federal Rules of Civil Procedure intended for purposes of judicial efficiency.

Defendants' Renewed Motion for JMOL is premature and ineffective until "entry of judgment," as case law from another district court in this circuit confirms:

> While Rule 50(b) does not prohibit a renewed motion for judgment as a matter of law prior to the entry of judgment, it does provide a time limit for filing such a motion that is triggered by entry of the judgment. Although defendant's motion is certainly timely, it is premature since judgment has not yet been entered.

*Walls v. MiraCorp, Inc.,* 2011 WL 1636930, at *2 (D. Kan. 2011); *see also Aguinaga v. John Morrell & Co.*, 1989 WL 47089, at *1 (D. Kan. 1989) (citing Rule 50(b) and stating that the court "does not believe that a motion for JNOV is procedurally appropriate at this time, since the liability judgment is interlocutory.").

In *Walls v. MiraCorp, Inc.*, the District of Kansas outlined the appropriate course of action for a district court to take when faced with such a premature motion of this sort.

6

After explaining that the Rule 50(b) motion filed in that case was premature because no final judgment had yet been entered, the Court stated:

> Therefore, the Court will consider defendant's motion for judgment as a matter of law to be timely filed *as of the date of the entry of judgment and the response and reply deadlines shall be tied to that date.*

*Walls v. MiraCorp, Inc.,* 2011 WL 1636930, at *2 (emphasis added.)  This is the same approach taken in other federal and state procedural rules governing federal and state practitioners as well—to make a premature motion "effective" upon entry of a final judgment.[4]

Refusing to entertain further briefing on Defendants' premature Renewed Motion for JMOL until entry of final judgment makes particular sense in this case because it will necessitate the procedure contemplated by the Federal Rules of Civil Procedure, under which the Court considers all such motions together "after entry of judgment."  As previously stated, Plaintiffs intend to file their own motion for JMOL under Fed. R. Civ. P. 50(b) once the Court enters final judgment in this case.  As a practical matter, it would be inefficient and confusing for the Court to consider full briefing on Defendants' premature Rule 50(b) and 59(e) motions now **and** on Plaintiffs' Rule 50(b) motion later after final judgment is entered.  Instead, the Court should be afforded the opportunity to

---

[4] E.g., Fed. R. App. P. 4(a)(2) (premature notice of appeal "treated as filed on the date of and after the entry [of judgment]."); 12 O.S. § 653(C) (premature motion for new trial "deemed filed immediately after the filing of the judgment or decree"); 12 O.S. § 698 (premature motion for judgment notwithstanding the verdict "deemed filed immediately after the filing of the judgment or decree").

efficiently consider all such motions from all parties at the same time, once final judgment is entered, as contemplated by the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the above reasons, Plaintiffs respectfully request that the Court either strike Defendants' Renewed Motion for JMOL, or Order that the Renewed Motion for JMOL shall become effective upon "entry of judgment," the approach taken in *Walls* and in similar federal and state procedural rules addressing premature motions (*see* Prop. III and footnote 4).

In the event the Court determines that it is appropriate to consider Defendants' Renewed Motion for JMOL before "entry of judgment," Plaintiffs request that the Court order that Plaintiffs may respond to such motion within 10 days after the Court enters its order making that determination.

Dated this 10th day of April, 2017.          Respectfully submitted,

                                              s/ Andrew E. Henry
                                              Randall J. Snapp, OBA #11169
                                              CROWE & DUNLEVY
                                              A Professional Corporation
                                              321 South Boston Avenue, Suite 500
                                              Tulsa, OK 74103
                                              (918) 592-9855
                                              (918) 599-6335 (Facsimile)
                                              randall.snapp@crowedunlevy.com

                                              Drew Palmer, OBA #21317
                                              Allen Hutson, OBA #30118
                                              Tynia Watson, OBA #30765
                                              Andrew Henry, OBA #32009
                                              CROWE & DUNLEVY

A Professional Corporation
324 North Robinson Avenue, Suite 100
Oklahoma City, OK  73102
(405) 235-7700
(405) 239-6651 (Facsimile)
drew.palmer@crowedunlevy.com
allen.hutson@crowedunlevy.com
tynia.watson@crowedunlevy.com
andrew.henry@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFFS
IOFINA, INC., IOFINA RESOURCES,
INC., AND IOFINA CHEMICAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2017, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Evan W. Talley
Douglas J. Sorocco
Jordan Sigale
Dunlap Codding, PC
609 W. Sheridan Avenue
Oklahoma City, OK  73102
(405) 607-8600
(405) 607-8686 (Facsimile)
etalley@dunlapcodding.com
dsorocco@dunlapcodding.com
jsigale@dunlapcodding.com

**ATTORNEYS FOR DEFENDANTS**
**IGOR KHALEV AND KIVA**
**HOLDING, INC.**

s/ Andrew E. Henry
Andrew E. Henry

3196934.3

10