IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC.,                          )
IOFINA RESOURCES, INC., and            )
IOFINA CHEMICAL, INC.,                 )
                                       )
              Plaintiffs,              )
                                       )
vs.                                    )    Case No. CIV-14-1328-M
                                       )
IGOR KHALEV, and                       )
KIVA HOLDING, INC.,                    )
                                       )
              Defendants.              )

## ORDER

Before the Court is defendants' Motion to Strike Plaintiffs' Notice of Appeal, filed March 10, 2017. On March 30, 2017, plaintiffs filed their response, and on April 6, 2017, defendants filed their reply. On April 7, 2017, plaintiffs filed a Notice of Tenth Circuit Order Deferring Ruling on Appellate Jurisdiction. Based upon the parties' submissions, the Court makes its determination.

On March 7, 2017, plaintiffs filed a Notice of Appeal appealing from this Court's February 17, 2017 Order denying in part and granting in part plaintiffs' Motion for Permanent Injunction. Defendants assert that plaintiffs' Notice of Appeal is fundamentally flawed as it primarily seeks interlocutory review of a nonexistent injunction. Defendants further assert that the Notice of Appeal seeks untimely review of the Court's order on plaintiffs' Motion for Entry of Judgment against KIVA and of the judgment. Defendants, therefore, move this Court to strike plaintiffs' Notice of Appeal.[1]

---

[1] On March 16, 2017, defendants filed in the Tenth Circuit a motion to dismiss the appeal. On April 6, 2017, the Tenth Circuit referred the motion to dismiss to the panel assigned to hear the appeal on the merits.

Plaintiffs assert that defendants' motion to strike is procedurally improper and should be denied. Specifically, plaintiffs assert that it is the courts of appeal that have the authority to determine whether they have jurisdiction, not the district courts. Plaintiffs contend that defendants improperly present their challenge to appellate jurisdiction to this Court in their motion to strike, and that defendants' motion to dismiss the appeal filed in the Tenth Circuit is the proper and exclusive method by which to challenge the Tenth Circuit's jurisdiction.

> Filing a timely notice of appeal pursuant to Fed.R.App.P.3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void. In collateral matters not involved in the appeal, however, the district court retains jurisdiction. Thus, when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal.

*Garcia v. Burlington N. R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (internal citations omitted). Further, the majority of courts have held that a district court does not have jurisdiction to strike a notice of appeal. *See, e.g., Willis v. Town of Trenton, N.C.*, 81 F.3d 153 (4th Cir. 1996) (holding district court did not have jurisdiction to strike untimely notice of appeal); *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969) (holding district court committed error in striking notice of appeal). However, some courts have found:

> Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals.

*Ruby v. Sec'y of the U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

Having carefully reviewed the parties' submissions, the Court finds that this Court does not have jurisdiction to strike plaintiffs' Notice of Appeal. Specifically, the Court finds that it is

not clear, and there is some doubt, as to whether plaintiffs' Notice of Appeal is premature in relation to the Court's order on the permanent injunction and as to whether plaintiffs' Notice of Appeal is untimely in relation to the Court's denial of plaintiffs' motion for entry of judgment against defendant KIVA Holding, Inc. The Court further finds that because there is a motion to dismiss pending before the Tenth Circuit which raises the same issues raised in defendants' motion to strike, it would be particularly inappropriate for this Court to rule on defendants' motion to strike.

Accordingly, the Court DISMISSES defendants' Motion to Strike Plaintiffs' Notice of Appeal [docket no. 320] for want of jurisdiction.

**IT IS SO ORDERED this 12th day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE