# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IOFINA, INC., <br> IOFINA RESOURCES, INC., and <br> IOFINA CHEMCIAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> IGOR KHALEV and <br> KIVA HOLDING, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-14-1328-M <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is plaintiffs' Motion to Strike Defendants' Renewed Motion for Judgment as a Matter of Law or to Deem It Effective upon "Entry of Judgment," filed April 10, 2017. On April 18, 2017, defendants filed their response, and on April 25, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Defendants have filed a renewed motion for judgment as a matter of law or to alter or amend judgment. Plaintiffs assert that defendants' motion is premature because there is no final appealable judgment and that defendants' motion, therefore, should be stricken or ordered to become effective upon "entry of judgment." In their response, defendants recognize that the Tenth Circuit would not find the Court's February 17, 2017 Judgment to be a final judgment. Defendants, however, request the Court to *sua sponte* revise the February 17, 2017 Judgment to include explicit findings on finality and no just reason for delay such that said judgment would be considered a final judgment.

"A final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil

Procedure 54(b)." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (internal citation omitted). Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determine that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Tenth Circuit has interpreted the "expressly determines" language of Rule 54(b) to require the district courts to make two determinations. "First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment." *Trujillo*, 813 F.3d at 1316.

> Factors for the district court to consider in making an express determination of finality and no just reason for delay include whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* (internal quotations and citations omitted). "In order to determine whether an order is 'final' a district court must first consider the separability of the adjudicated and unadjudicated claims." *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 775 (10th Cir. 2010) (internal citations omitted). "In determining whether claims are separable, courts should consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.* at 776 (internal quotations and citation omitted).

2

At the time of the Court's entry of the February 17, 2017 Judgment, this Court had not resolved all claims for relief. Specifically, all but one of defendants' counterclaims remained pending, though stayed, and the Court had not fully disposed of plaintiffs' claim for injunctive relief. Accordingly, the February 17, 2017 Judgment was not a final judgment.[1]

Further, having reviewed the parties' submissions, the Court finds that it would not be appropriate for this Court to revise its February 17, 2017 Judgment by including the requisite findings to certify it as a final judgment under Rule 54(b). Specifically, the Court finds that the claims addressed in the February 17, 2017 Judgment are not separable from at least one, if not more, of the remaining counterclaims.[2] Defendants have asserted a counterclaim for declaratory judgment that defendants have not violated the Oklahoma Uniform Trade Secrets Act. This counterclaim is a mirror image of plaintiffs' already adjudicated trade secrets claim under the Oklahoma Uniform Trade Secrets Act, presenting the same facts and legal issues. The Court, therefore, finds that its February 17, 2017 Judgment is not "final" for purposes of Rule 54(b).

Accordingly, the Court finds that defendants' motion for judgment as a matter of law is premature and should be stricken. The Court, therefore, GRANTS plaintiffs' Motion to Strike Defendants' Renewed Motion for Judgment as a Matter of Law [docket no. 346] and STRIKES

---

[1] When the Court's February 17, 2017 Judgment was entered, this case was closed on the Court's CM/ECF system. Because that judgment was not a final judgment, the Court finds that this case should be reopened on the Court's CM/ECF system.

[2] In their response, defendants note that their counterclaims are dependent upon final findings in favor of defendants on plaintiffs' already-adjudicated trade secret misappropriation claims.

defendants' Renewed Motion for Judgment as a Matter of Law or to Alter or Amend Judgment and Brief in Support [docket nos. 325 and 328].

**IT IS SO ORDERED this 8th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE