# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC., )
IOFINA RESOURCES, INC., and )
IOFINA CHEMCIAL, INC., )
                            )
             Plaintiffs, )
                            )
vs. )    Case No. CIV-14-1328-M
                            )
IGOR KHALEV and )
KIVA HOLDING, INC., )
                            )
             Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Strike or Deny without Prejudice Defendants' Motion for Attorneys' Fees, filed March 17, 2017. On April 7, 2017, defendants filed their response, and on April 14, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

On March 3, 2017, defendants filed a Motion for Attorneys' Fees. Plaintiffs assert that defendants' motion is premature[1] because there is no final appealable judgment and that defendants' motion, therefore, should be stricken or denied without prejudice. In their response, defendants assert that the Court's February 17, 2017 Judgment should be considered a proper partial final judgment pursuant to Federal Rule of Civil Procedure 54(b).

"A final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil

---

[1] Federal Rule of Civil Procedure 54(d)(2)(B)(i) provides that a motion for attorney's fees must be filed no later than 14 days after the entry of judgment. Further, Rule 54(a) defines "judgment" as a decree and any order from which an appeal lies.

Procedure 54(b)." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016) (internal citation omitted). Rule 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Tenth Circuit has interpreted the "expressly determines" language of Rule 54(b) to require the district courts to make two determinations. "First, the district court must determine the judgment is final. Second, it must determine there is no just reason for delay of entry of its judgment." *Trujillo*, 813 F.3d at 1316.

> Factors for the district court to consider in making an express determination of finality and no just reason for delay include whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* (internal quotations and citations omitted). "In order to determine whether an order is 'final' a district court must first consider the separability of the adjudicated and unadjudicated claims." *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 775 (10th Cir. 2010) (internal citations omitted). "In determining whether claims are separable, courts should consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id*. at 776 (internal quotations and citation omitted).

2

At the time of the Court's entry of the February 17, 2017 Judgment, this Court had not resolved all claims for relief. Specifically, all but one of defendants' counterclaims remained pending, though stayed, and the Court had not fully disposed of plaintiffs' claim for injunctive relief. Accordingly, the February 17, 2017 Judgment was not a final judgment.

Further, having reviewed the parties' submissions, the Court finds that it would not be appropriate to consider the February 17, 2017 Judgment a partial final judgment pursuant to Rule 54(b). Specifically, the Court finds that the claims addressed in the February 17, 2017 Judgment are not separable from at least one, if not more, of the remaining counterclaims.[2] Defendants have asserted a counterclaim for declaratory judgment that defendants have not violated the Oklahoma Uniform Trade Secrets Act. This counterclaim is a mirror image of plaintiffs' already adjudicated trade secrets claim under the Oklahoma Uniform Trade Secrets Act, presenting the same facts and legal issues. The Court, therefore, finds that its February 17, 2017 Judgment is not "final" for purposes of Rule 54(b).

Further, in their response, defendants assert that even if the February 17, 2017 Judgment is not a proper final judgment, this Court has discretion to issue an interim attorney's fee award. While Rule 54(d)(2)(B)(i) sets a deadline for a party to file its motion for attorney's fees, it does not address the issue of when a motion for attorney's fees would be premature. Having reviewed the parties' submissions, and assuming that this Court would have discretion to issue an interim attorney's fee award in this case, the Court declines to exercise said discretion. Specifically, the Court finds that in light of the procedural posture of this case – plaintiffs' pending appeal, the likely filing of motions for judgment as a matter of law by both plaintiffs and defendants once a

---

[2] In their response, defendants note that their counterclaims are dependent upon the final findings in favor of defendants on the claims in the judgment.

final judgment has been entered in this case and the likely appeal of this Court's rulings on those motions and the jury's verdict in this case, and the pending, but stayed, remaining counterclaims – any prevailing party determination would be premature at this time and, therefore, it would not be prudent to issue an interim attorney's fee award.

Accordingly, the Court GRANTS plaintiffs' Motion to Strike or Deny without Prejudice Defendants' Motion for Attorneys' Fees [docket no. 323] and DENIES defendants' Motion for Attorneys' Fees [docket no. 315] without prejudice to refiling once a final judgment has been entered in this case.

**IT IS SO ORDERED this 8th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE