# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IOFINA, INC., <br> IOFINA RESOURCES, INC., and <br> IOFINA CHEMICAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> IGOR KHALEV, and <br> KIVA HOLDING, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No. CIV-14-1328-M <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is defendants' Motion to Modify Temporary Restraining Order or, in the Alternative, to Require Plaintiffs to Post a Bond, filed April 19, 2017. On May 10, 2017, plaintiffs filed their response, and on May 17, 2017, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On December 2, 2016, this Court entered an order granting plaintiffs' Application for Temporary Restraining Order Pending a Hearing on Plaintiffs' Request for Permanent Injunction and temporarily enjoining "Dr. Khalev from continuing to use or to disclose plaintiffs' trade secret process and confidential and proprietary information, either with KIVA or other entities, to build additional iodine extraction plants using plaintiffs' trade secret process until further order of this Court." December 2, 2016 Order [docket no. 281] at 5. On February 17, 2017, this Court entered an order granting in part and denying in part plaintiffs' Motion for Permanent Injunction and ordering plaintiffs to file with the Court their proposed revised permanent injunction. In that order, the Court found:

> that some limited permanent injunction against Dr. Khalev should be entered in this case and that said injunction should enjoin Dr.

> Khalev from engaging in conduct in breach of the Non-Disclosure Agreement and from engaging in conduct that would result in a misappropriation of plaintiffs' trade secrets. The Court also finds that any permanent injunction entered in this case should not enjoin KIVA from any conduct, should not enjoin the operation of the South Leedey plant, and should not enjoin Dr. Khalev from engaging in any conduct that would be considered the same conduct that he engaged in in relation to the planning, construction, and operation of the South Leedey plant.

February 17, 2017 Order [docket no. 313] at 6.[1] On March 7, 2017, plaintiffs appealed the Court's February 17, 2017 Order to the United States Court of Appeals for the Tenth Circuit.

Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 65(b),(c), to modify the scope of the Temporary Restraining Order and require plaintiffs to post a bond in an amount this Court considers appropriate to compensate defendants for potential costs and damages sustained in the event defendants are later found to have been wrongfully restrained. Specifically, defendants seek modification of the Temporary Restraining Order to reflect this Court's newly developed conclusion as to the appropriate scope of injunctive relief in this case as set forth in the February 17, 2017 Order. Defendants assert that the following changed circumstances since the entry of the Temporary Restraining Order justify the requested modification: (1) the Court's February 17, 2017 Order, (2) plaintiffs filing a notice of appeal, and (3) the Tenth Circuit's Order deferring ruling on defendants' Motion to Dismiss to the merits panel. Defendants further contend that because the injunctive scope of the Temporary Restraining Order is much broader than the injunctive relief contemplated by the Court's guidelines set forth in its February 17, 2017 Order, equity urges that the Temporary Restraining Order should be modified to allow defendants to operate the South Leedey plant and to not enjoin Dr. Khalev from engaging in any conduct that

---

[1] In the absence of an actual permanent injunction order, this Court's December 2, 2016 Temporary Restraining Order remains in force. *See* February 17, 2017 Order at 7.

would be considered the same conduct that he engaged in in relation to the planning, construction, and operation of the South Leedey plant. Defendants also contend that if the Temporary Restraining Order is not modified, defendants will be harmed by the restrictions on their ability to expand and/or consult with third parties and the public interest will be harmed by the overbroad Temporary Restraining Order.

Plaintiffs assert that there is no reason to change the status quo pending the appeal and defendant have cited no factual basis for doing so. Plaintiffs further assert that because defendants are currently suffering no harm from the Temporary Restraining Order, their request for modification is premature and should be denied. Plaintiffs also assert that modifying the Temporary Restraining Order pending appeal would present a risk of irreparable harm to plaintiffs that outweighs any future harm to defendants. Finally, plaintiffs assert that this Court should exercise its discretion to determine that no bond is necessary or that only a nominal bond should be posted.

"[D]istrict courts retain power to modify injunctions in light of changed circumstances." *John Zink Co. v. Zink*, 241 F.3d 1256, 1260 (10th Cir. 2001) (internal quotations and citation omitted). Further,

> where a modification of an injunctive decree is sought the court should determine whether the changes are so important that dangers, once substantial, have become attenuated to a shadow, and it must be shown that the moving party is exposed to severe hardships of extreme and unexpected nature. Thus the requested change should be approached with caution and a strong showing is required of new conditions and circumstances making the original injunction oppressive.

*Ridley v. Phillips Petroleum Co.*, 427 F.2d 19, 22 (10th Cir. 1970) (internal quotations omitted). "Nevertheless the court cannot be required to disregard significant changes in law or facts if it is satisfied that what it has been doing has been turned through changing circumstances into an

instrument of wrong." *Sys. Fed'n No. 91, Ry. Emps.' Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that no modification of the Temporary Restraining Order is necessary in this case. While the Court finds that its February 17, 2017 Order could constitute changed circumstances, the Court finds that said changed circumstances do not subject defendants to severe hardships and do not render the Temporary Restraining Order oppressive. Under the Temporary Restraining Order, defendant KIVA Holding, Inc. is not enjoined from operating its Leedey plant. Further, under the Temporary Restraining Order, Dr. Khalev is only enjoined from using or disclosing plaintiffs' trade secret process and confidential and proprietary information to build additional iodine extraction plants using plaintiffs' trade secret process; Dr. Khalev is not enjoined from any conduct that does not involve using or disclosing plaintiffs' trade secret process. Finally, the Court finds that any harm to defendants during the term of this injunction – the length of the appeal of the Court's February 17, 2017 Order – will be adequately addressed through requiring plaintiffs to post a bond, as set forth below.

Federal Rule of Civil Procedure 65(c) provides, in pertinent part:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.
> . . .

Fed. R. Civ. P. 65(c). "[A] trial court may, in the exercise of discretion, determine a bond is unnecessary to secure a preliminary injunction if there is an absence of proof showing a likelihood of harm." *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, and in light of the projected length of the Temporary Restraining Order pending plaintiffs' appeal, the Court finds that a bond should be posted by plaintiffs. Further, having reviewed the parties' submissions, and in light of the nature of the potential harm to defendants, the Court finds that a bond in the amount of $50,000.00 would be appropriate in this case.

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Modify Temporary Restraining Order or, in the Alternative, to Require Plaintiffs to Post a Bond [docket no. 353] as follows:

(1) The Court DENIES defendants' motion to modify temporary restraining order, and

(2) The Court GRANTS defendants' motion to require plaintiffs to post a bond and ORDERS, pursuant to Rule 65(c), plaintiffs to post a bond in the amount of $50,000.00.

**IT IS SO ORDERED this 12th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE