## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  IOFINA, INC. | ) | |
| 2.  IOFINA RESOURCES, INC. and | ) | |
| 3.  IOFINA CHEMICAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 14-1328-M |
| | ) | |
| vs. | ) | |
| | ) | |
| 1.  IGOR KHALEV, and | ) | |
| 2.  KIVA HOLDING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR
### ENTRY OF FINAL JUDGMENT AND BRIEF IN SUPPORT

Defendants Dr. Igor Khalev ("Dr. Khalev") and KIVA Holding, Inc. ("KIVA") (collectively "Defendants") move for an Entry of Final Judgment on the Jury Verdict of November 28, 2016 [Dkt. No. 274] and the Judgment entered February 17, 2017 [Dkt. No. 314]. In support of this Motion, Defendants state as follows:

### PROCEDURAL BACKGROUND

Plaintiffs Iofina, Inc., Iofina Resources, Inc., and Iofina Chemical, Inc. (collectively "Iofina") commenced this action on December 1, 2014, alleging causes of action for violation of the Oklahoma Uniform Trade Secrets Act, unfair competition, conversion, unjust enrichment, tortious interference with prospective economic advantage, breach of duty of loyalty, tortious interference with business relationship, aiding and abetting, and for injunctive relief. [Dkt. No. 1]. Plaintiffs subsequently amended their Complaint to add a cause of action for breach of contract. [Dkt. No. 55].

Defendants counterclaimed for breach of contract, violations of the Oklahoma Deceptive Trade Practices Act, violation of the Oklahoma Antitrust Reform Act, unfair competition, tortious interference with prospective business advantage, abuse of process and for declaratory judgment. [Dkt. Nos. 20 and 21]. The parties later stipulated that all of Defendants' Counterclaim—other than Dr. Khalev's claim for breach of contract— would be bifurcated and discovery stayed pending resolution of Plaintiffs' causes of action and Dr. Khalev's breach of contract counterclaim. [Dkt. No. 53].

Trial on all of Plaintiffs' causes of action and Dr. Khalev's breach of contract Counterclaim commenced on November 1, 2016 and concluded on November 28, 2016. The jury rendered a verdict in favor of KIVA on all of Plaintiffs' causes of action, in favor of Dr. Khalev on Plaintiffs' tortious interference with contract claim (as to Iodobrom), breach of fiduciary duty claim, and on Dr. Khalev's breach of contract Counterclaim (awarding $66,000), and against Dr. Khalev on Plaintiffs' misappropriation of trade secrets claims (awarding $60,000), breach of contract claim (awarding $300,000), unfair competition claim (awarding $0), and conversion claim (awarding $100,000). [Dkt. No. 274].

Following trial, Iofina moved on its self-styled "Entry of Judgment Against KIVA" based on the argument that KIVA is vicariously liable as a matter of law for all actions of Dr. Khalev after his termination from Iofina. [Dkt. No. 279]. Iofina also moved to permanently enjoin both Dr. Khalev and KIVA based largely on these same arguments. [Dkt. No. 284]. On January 24, 2017, the Court denied Iofina's Motion for Entry of Judgment Against KIVA, finding that the stipulation relied heavily upon by

Plaintiffs was "more narrow than the broad reading asserted by plaintiffs" and would be improper to rely on post-trial because "the evidence presented during the trial involved alleged improper acts taken by Dr. Khalev <u>both</u> ***before KIVA was formed*** and after KIVA was formed." [Dkt. No. 312, p. 2 (emphasis added)].

After a complete briefing and hearing on Plaintiffs' permanent injunction motion, the Court announced on February 17, 2017 that its decision would ultimately be to deny Iofina's motion in part and grant it in part. [Dkt. No. 313]. The Court found that a limited injunction against Dr. Khalev is appropriate but also found that KIVA should not be enjoined in any way. *Id.* The Court did not set the specific scope of the injunction against Dr. Khalev in its February 17th Order. Instead, the Court laid out the general parameters it intended for an appropriate permanent injunction, saying that any Order:

> should enjoin Dr. Khalev from engaging in conduct in breach of the Non-Disclosure Agreement and from engaging in conduct that would result in a misappropriation of trade secrets. The Court also finds that any permanent injunction entered in this case should not enjoin Dr. Khalev from engaging in any conduct, should not enjoin operation of the South Leedey plant, and should not enjoin Dr. Khalev from engaging in any conduct that would be considered the same conduct that he engaged in in relation to the planning, construction, and operation of the South Leedey plant.

*Id.* at p. 6. In view of these findings, the Court ordered Iofina to submit a revised proposed limited injunction for the Court's consideration by March 15, 2017, in compliance with the provided guidance. *Id.* at pp. 6-7. The Court also encouraged the parties to work together on an agreed proposed permanent injunction. *Id.* at fn. 3. Assuming the parties would not be able to arrive at a suitable injunctive order, the district

court also provided that Defendants-Appellees should file objections by March 27, 2017; and that Iofina should reply to those objections by April 3, 2017. *Id.*

February 17, 2017, the same day the Court issued its order on the Permanent Injunction, the Court also entered judgment [Dkt. No. 314] in accordance with the Jury's verdict. [The entirety of the February 17, 2017 Judgment is set forth in the "Proposed Final Judgment" section, *infra*.]

On March 7, 2017, instead of conferring with Defendants-Appellees on the proposed revised permanent injunction, Iofina filed a Notice of Appeal. [Dkt. No. 317]. Iofina also moved to stay the proceedings pending appeal. [Dkt. No. 321]. Iofina's appeal is pending, but substantive briefing was stayed until very recently (Ex. 1, Tenth Circuit August 2, 2017 Order) pending the Tenth Circuit's determination of whether it has jurisdiction to hear the appeal, which the Tenth Circuit has again deferred to the merits panel.

On March 3, 2017, 14 days after the entry of Judgment, Defendants filed a Motion for Attorneys' Fees and Supporting Affidavit. [Dkt. Nos. 315-16]. Iofina moved to strike that motion on the basis that "several claims [then] remain[ed] pending and no final judgment has been entered." [Dkt. No. 323].

On March 17, 2017, 28 days after the entry of Judgment, Defendants filed a Renewed Motion for Judgment as a Matter of Law. [Dkt. Nos. 325 and 328]. Iofina also moved to strike that motion. [Dkt. No. 348].

On June 6, 2017, the district court granted both motions to strike. [Dkt. Nos. 373-374]. In its Order on the Motion to Strike Defendants' Renewed Motion for JMOL, the Court summed up its reasoning for granting the motion, as follows:

> At the time of the Court's entry of the February 17, 2017 Judgment, this Court had not resolved all claims for relief. Specifically, all but one of defendants' counterclaims remained pending, though stayed, and the Court had not fully disposed of plaintiffs' claim for injunctive relief. Accordingly, the February 17, 2017 Judgment was not a final judgment.
>
> Further, having reviewed the parties' submissions, the Court finds that it would not be appropriate for this Court to revise its February 17, 2017 Judgment by including the requisite findings to certify it as a final judgment under Rule 54(b). Specifically, the Court finds that the claims addressed in the February 17, 2017 Judgment are not separable from at least one, if not more, of the remaining counterclaims. Defendants have asserted a counterclaim for declaratory judgment that defendants have not violated the Oklahoma Uniform Trade Secrets Act. This counterclaim is a mirror image of plaintiffs' already adjudicated trade secrets claim under the Oklahoma Uniform Trade Secrets Act, presenting the same facts and legal issues. The Court, therefore, finds that its February 17, 2017 Judgment is not "final" for purposes of Rule 54(b).

[Dkt. No. 373, p. 3:1-13]. The Court's reasoning for striking Defendants' Motion for Attorneys' Fees is essentially the same. [Dkt. No. 374:1-13].

The district court granted in part and denied in part the motion to stay proceedings pending appeal. More specifically, it found that:

> a stay of all proceedings in this Court is unnecessary in light of the procedural posture of the case. [Footnote omitted.] A jury trial has been conducted, the jury rendered a verdict, and this Court has issued **<u>preliminary findings</u>** regarding plaintiffs' motion for permanent injunction. Further, defendants' remaining counterclaims have been stayed since November 30, 2015. Thus, the Court finds that a stay of all proceedings in this case would have no impact . . . While the Court finds that the briefing schedule regarding the revised permanent injunction should be stayed pending Plaintiffs' appeal, the Court, in its discretion, finds that a more expansive stay of the proceedings is not warranted.

[Dkt. No. 375, p. 2] (emphasis added).

On July 25, 2017, on Defendants' unopposed motion, the district court dismissed without prejudice to refiling Defendants' remaining counterclaims, leaving only the issue of the revised permanent injunction left to decide. [Dkt. No. 389].

## PROPOSED FINAL JUDGMENT

In accordance with the Jury's verdict [Dkt. No. 274] and the Court's February 17, 2017 Judgment [Dkt. No. 314], Defendants move for entry of the following final judgment and final order on Plaintiffs' request for permanent injunctive relief:

> This action came on for trial before the Court and a jury, the Honorable Vicki Miles-LaGrange, District Judge, presiding. The issues having been duly tried the jury having duly reached its verdict, and seeing no just reason for delay, the Court ORDERS that final judgment should be and is hereby entered in favor of plaintiff, IOFINA RESOURCES, INC., against defendant, IGOR KHALEV, in the amount of $300,000 for damages for plaintiff's breach of contract claim, with interest thereon at the rate provided by law; that judgment should be and is hereby entered in favor of plaintiffs, IOFINA, INC., IOFINA RESOURCES, INC., and IOFINA CHEMICAL, INC., against defendant, IGOR KHALEV, in the total amount of $160,000, consisting of $60,000 for damages for plaintiffs' misappropriation of trade secrets claim, $0 for damages for plaintiffs' unfair competition claim, and $100,000 for damages for plaintiffs' conversion claim, with interest thereon at the rate provided by law; that judgment should be and is hereby entered in favor of defendant, IGOR KHALEV, and against plaintiff, IOFINA RESOURCES, INC., in the amount of $66,000 for damages for defendant's breach of contract counterclaim, with interest thereon at the rate provided by law; that judgment should be and is hereby entered in favor of defendant, IGOR KHALEV, against plaintiff, IOFINA RESOURCES, INC., on plaintiff's breach of fiduciary duty claim; that judgment should be and is hereby entered in favor of defendant IGOR KHALEV, against plaintiffs, IOFINA, INC., IOFINA RESOURCES, INC., and IOFINA CHEMICAL, INC., on plaintiffs' tortious interference with contract claim; that judgment should be and is hereby entered in favor of defendant, KIVA HOLDING, INC., against plaintiffs, IOFINA, INC., IOFINA RESOURCES, INC., and

IOFINA CHEMICAL, INC., on plaintiffs' misappropriation of trade secrets claim, unfair competition claim, conversion claim, and tortious interference with contract claim; and that judgment should be and is hereby entered in favor of defendant, KIVA HOLDING, INC., and against plaintiff, IOFINA RESOURCES, INC., on plaintiff's tortious interference with contract claim.

Further, a limited permanent injunction is entered against Dr. Igor Khalev. Dr. Khalev is hereby enjoined from further retention of any Documentation, as described in the Non-Disclosure Agreement, and ordered to certify that he is no longer in possession of any such Documentation, nor any derivations thereof. For sake of clarification, the limited permanent injunction entered against Dr. Khalev should not enjoin him in any way from engaging in any conduct that would be considered the same conduct that he engaged in in relation to the planning, construction, and operation of the South Leedey plant.

(Defendants believe this proposed injunction would comport with the Court's February 17th guidance on the injunctive relief issue. Defendants would object to the imposition of an injunction with terms broader than those proposed in the foregoing paragraph, and as such, explicitly preserve the right to appeal the imposition of any injunction with terms broader than those proposed in the foregoing paragraph.)

## ARGUMENT AND AUTHORITY

As this Court noted in its Order Striking Defendants' Renewed Motion for JMOL [Dkt. No. 373], "'[a] final decision must dispose of all claims by all parties, except a decision may otherwise be considered final if it is properly certified as a final judgment under Federal Rule of Civil Procedure 54(b).'" [Dkt. No. 373, at pp. 1-2] (citing *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016)). As noted, *supra*, the Court found that the February 17, 2017 Judgment [Dkt. No. 314] was not a final judgment and

declined Defendants' request to revise the February 17, 2017 Judgment to include the requisite findings of Fed. R. Civ. P. 54(b) of finality and no just reason for delay, stating:

> At the time of the Court's entry of the February 17, 2017 Judgment, this Court had not resolved all claims for relief. Specifically, all but one of defendants' counterclaims remained pending, though stayed, and the Court had not fully disposed of plaintiffs' claim for injunctive relief. Accordingly, the February 17, 2017 Judgment was not a final judgment.
>
> Further, having reviewed the parties' submissions, the Court finds that it would not be appropriate for this Court to revise its February 17, 2017 Judgment by including the requisite findings to certify it as a final judgment under Rule 54(b). Specifically, the Court finds that the claims addressed in the February 17, 2017 Judgment are not separable from at least one, if not more, of the remaining counterclaims. Defendants have asserted a counterclaim for declaratory judgment that defendants have not violated the Oklahoma Uniform Trade Secrets Act. This counterclaim is a mirror image of plaintiffs' already adjudicated trade secrets claim under the Oklahoma Uniform Trade Secrets Act, presenting the same facts and legal issues. The Court, therefore, finds that its February 17, 2017 Judgment is not "final" for purposes of Rule 54(b).

[Dkt. No. 273, p. 3:1-13]. Defendants have since dismissed, without prejudice, all of their remaining Counterclaims, including those that the Court previously noted were not separable from the claims addressed in the February 17, 2017 Judgment. [Dkt. No. 389].

Courts that have addressed this issue, including the Tenth Circuit, are in agreement recognizing the "cumulative finality" effect of converting a non-final judgment to a final judgment when pending claims are dismissed or resolved prior to the consideration of the appeal. *Frankfort Oil Co. v. Snakard*, 279 F.2d 436, 437 (10th Cir. 1960) (noting that joint stipulation filed by the parties establishing "disposition or abandonment" of claims pending at time notice of appeal was filed removed jurisdictional defect of appeal). *See also Pireno v. New York Chiropractic Ass'n*, 650 F.2d 387 (2nd Cir. 1981) (recognizing

that a dismissal of all pending claims subsequent to a premature notice of appeal converts the order appealed from a non-appealable order to an appealable final judgment); *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184-85 (3rd Cir. 1983) (same); *Richerson v. Jones*, 551 F.2d 918, 922 (3rd Cir. 1977) (same); *Chrysler Motors Corp. v Thomas Auto Co., Ins.*, 939 F.2d 538, 540 (8th Cir. 1991) (stating the effect of joint motion to dismiss without prejudice the "remainder of the case" following the grant of partial summary judgment was to make that partial judgment a final judgment for purposes of appeal); *Merchants and Planters Bank of Newport, Arkansas v. Smith*, 516 F.2d 355, 356 n. 3 (8th Cir. 1975) (stating that voluntary dismissal of pending counterclaim subsequent to oral argument meant that "there is no difficulty regarding the jurisdiction under Fed. R. Civ. P. 54(b)" and that the court's order was a final appealable one); *Anderson v. Allstate Inc. Co.*, 630 F.2d 677, 680 (9th Cir. 1980) (stating later resolution of pending claim cured lack of a 54(b) certification); and *Martin v. Campbell*, 692 F.2d 112, 114 (11th Cir. 1982) (same). Based on the substantial weight of authority addressing the issue, Defendants submit that any impediment preventing the Court from certifying or recognizing the February 17, 2017 Judgment as "final" has been removed by the voluntary dismissal of all pending counterclaims. Accordingly, an entry of final judgment in accordance with the February 17, 2017 Judgment is appropriate at this time.

In *Caitlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945), the Supreme Court defined a final judgment as a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Here, there is nothing left for the Court to do but to execute the final

judgment. As such, all of the claims at issue in the case, other than the scope of the revised permanent injunction, have been fully adjudicated or otherwise resolved, and an entry of final judgment is now appropriate.

In response to this Motion, Iofina will undoubtedly argue that, even though the pending counterclaims have been dismissed, there still remains one impediment to the Court's entry of final judgment—their pending interlocutory appeal. Recently, the United States District Court for the District of New Mexico acknowledged that the presence of a pending interlocutory appeal did not divest the district court of jurisdiction to proceed on other aspects of the case. *Pueblo of Pojoaque v. State*, Case No. CIV-15-0625 JB-GBW, 2017 WL 2266857, at *62 n. 12 (D.N.M. Feb. 9, 2017). In so doing, the court noted Wright & Miller's observation that "the Supreme Court 'clearly established' a district court's authority to proceed toward a decision on the merits notwithstanding an interlocutory injunction appeal." *Id.* (citing 16 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3921 (3d ed.)). With regard to Defendants' present request to enter final judgment, the pendency of an interlocutory appeal does not divest the district court of jurisdiction to proceed with other aspects of the case, including reaching a final decision on the merits of the case. *Hunt v. Johnson*, 90 Fed.Appx. 702, 704 (5th Cir. 2004) (citing *Railway Labor Executives' Ass'n v. City of Galveston, Texas*, 898 F.2d 481, 481 (5th Cir. 1990)). *Pueblo v. Pojoaque*, discussed *supra*, relies, in part, on *Railway Labor Executives* in stating that an interlocutory appeal does not divest the district court of jurisdiction to proceed toward a decision on the merits. *Pueblo of Pojoaque*, 2017 WL 2266857, at *62 n. 12.

Even though the Tenth Circuit recently decided to defer the question of whether it has jurisdiction to hear Plaintiffs' appeal, the underlying issue involved in Plaintiffs' appeal, i.e. whether KIVA can be held vicariously liable for the Jury's finding of liability against Dr. Khalev, will not be affected by the Court's entry of Judgment. In fact, Plaintiffs' appeal rests on that Verdict and the Court's construction of the Verdict. Simply, the pendency of Plaintiffs' interlocutory appeal, whether or not the Tenth Circuit determines it has jurisdiction, should not affect this Court from immediately entering final judgment.

<u>**CONCLUSION**</u>

With this Court's dismissal without prejudice of Defendants' remaining Counterclaims, any impediment preventing the Court from entering final Judgment on the Jury's November 28, 2016 verdict has now been removed. The Tenth Circuit's decision to defer the question of whether it has jurisdiction over Plaintiffs' appeal should not prevent this Court from entering final judgment, as this Court has not been divested of the power to proceed with the case, including a disposition of all claims on the merits. Accordingly, without further delay, Defendants move for an entry of final judgment on the Jury's November 28, 2016 verdict in accordance with this Court's February 17, 2017 Judgment.

DATED: August 4, 2017

Respectfully submitted,

*/s/ Evan W. Talley*
Douglas J. Sorocco, OBA No. 17347
Evan W. Talley, OBA NO. 22923
**DUNLAP CODDING PC**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Telephone:   (405) 607-8600
Facsimile:    (405) 607-8686
E-mail: etalley@dunlapcodding.com

-and-

Jordan A. Sigale (admitted *pro hac vice*)
Illinois ARDC No. 6210047
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
(Telephone):  (312) 651-6744
E-mail: jsigale@dunlapcodding.com

**ATTORNEYS FOR DEFENDANTS
IGOR KHALEV AND KIVA
HOLDING, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 4, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randall J. Snapp
Tynia Watson
Allen Hutson
Drew Palmer
Andrew Henry


*/s/ Evan W. Talley*
Evan W. Talley

.

.