### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

IOFINA, INC., IOFINA RESOURCES, INC. )
and IOFINA CHEMICAL, INC.,            )
                                      )
      Plaintiffs,                     )
                                      )  Case No. CIV-14-1328-M
v.                                    )
                                      )
IGOR KHALEV and KIVA HOLDING, INC.,   )
                                      )
      Defendants.                     )

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF
### FINAL JUDGMENT

Defendants' Motion for Entry of Final Judgment and Brief in Support should never have been filed. First, the Defendants' request for this Court to enter a permanent injunction is a direct violation of this Court's stay of the briefing schedule regarding Plaintiffs' permanent injunction. *See* June 8, 2017 Order [Dkt. No. 375]. For this reason alone, Defendants' request for entry of judgment should be summarily denied. Second, Defendants' assertion that the dismissal *without prejudice* of their counterclaims converts the Court's non-final February 17, 2017 Judgment into a "final" judgment is directly inconsistent with the clear and overwhelming weight of well-established Tenth Circuit precedent. Accordingly, Defendants' Motion for Entry of Final Judgment ("Motion") (Dkt. No. 390) must be denied.

### ARGUMENT AND AUTHORITIES

### I.    Defendants' Motion violates this Court's June 8, 2017 stay.

Defendants' request to enter the proposed final judgment and permanent injunction contained in their Motion and brief violates both the express terms and the

spirit and intent of the Court's June 8, 2017 Order on Plaintiffs' Motion to Stay Proceedings Pending Appeal.

### A. Defendants' request to enter a permanent injunction violates the Court's Stay Order.

Defendants filed a Motion and Brief which requests that the Court enter a final judgment that contains their proposed permanent injunction.  In its June 8, 2017 stay Order, the Court expressly found "that the briefing schedule regarding the revised permanent injunction should be stayed pending plaintiffs' appeal."  June 8, 2017 Order [Dkt. No. 375] at 2.  Despite the clear terms of the Court's stay, Defendants have now filed a Motion and Brief in support moving the Court to enter a "final judgment and final order on Plaintiffs' request for permanent injunctive relief."  Defs.' Motion at 6. Defendants also recite a proposed permanent injunction that they claim complies with the Court's February 17, 2017 Order on the permanent injunction, and further "object to the imposition of an injunction with terms broader than those proposed in the foregoing paragraph."  *Id.* at 7.  Defendants then "explicitly preserve the right to appeal" any injunction issued with terms broader than their proposed terms.  *Id.*  Defendants' request for their preferred form of permanent injunction undoubtedly constitutes "briefing" within the meaning of the Court's June 8, 2017 Order, and Defendants' Motion thus directly violates the stay imposed by the Court therein.[1]

---

[1]     Plaintiffs' counsel sent correspondence to Defendants' counsel shortly after Defendants filed their Motion to express Plaintiffs' belief that the Motion violates the Court's stay.  Defendants responded that they will be "filing a motion shortly that identifies [Plaintiffs'] concern and moves to lift the stay."  This after-the-fact attempt to cure the violation of the stay should be denied, not only as too late, but

It is also worth noting that Defendants' proposed permanent injunction does not actually prohibit Dr. Khalev from doing *anything,* despite the fact that the jury found him guilty of misappropriating Plaintiffs' trade secrets and also guilty of breaching his non-disclosure agreement with Plaintiff Iofina Resources.  The proposed injunction merely enjoins Dr. Khalev from retaining documents he has already returned to Plaintiffs and affirmatively clarifies that Dr. Khalev is *not* enjoined from building additional iodine plants.[2]  In any event, entering a "limited" permanent injunction before the Tenth Circuit resolves Plaintiffs' appeal is pointless because the Court has already preserved the *status quo* in extending the TRO pending Plaintiffs' appeal.  June 12, 2017 Order [Dkt. No. 378] at 4.  The Court has also provided security for Defendants by requiring Plaintiffs to post a $50,000 bond, which Plaintiffs posted on July 11, 2017.  *See* Dkt. No. 387.  There is simply no need to enter a permanent injunction until Plaintiffs' appeal is resolved.

### B. Defendants' request for the entry of their proposed final judgment and permanent injunction also violates the intent and spirit of this Court's Stay Order.

Defendants' Motion also clearly violates the intent and spirit of the Court's June 8, 2017 Order on Plaintiffs' Motion to Stay Proceedings Pending Appeal.  Such Order makes it clear that the Court, by entering the stay, intended to avoid "needlessly expending time and effort on matters that could be **impacted** by the Tenth Circuit's

---

also on the merits for the reasons explained in this response.  Indeed, the intent to file such a motion to lift the stay is an implied admission that the Motion to Enter Final Judgment was filed in violation of such stay.

[2]     Though Plaintiffs wish to honor the Court's stay on briefing of the permanent injunction pending appeal, Plaintiffs certainly do not concede that Defendants' proposed injunction is consistent with the Court's February 17, 2017 Order.

resolution of plaintiffs' appeal," further noting that Plaintiffs' Motion for Permanent Injunction is the subject of Plaintiffs' Tenth Circuit appeal.  June 8, 2017 Order [Dkt. No. 375] at 2 (emphasis added).  Defendants' Motion and requested final judgment has resulted in the very "needless[] expendi[ture] [of] time and effort" that the Court sought to prevent in its June 8, 2017 Order.

### 1. The entry of the proposed permanent injunction will likely be impacted by the Tenth Circuit's resolution of Plaintiffs' appeal.

The Court stayed further briefing on Plaintiffs' permanent injunction pending Plaintiffs' appeal for good reason.  As the Court realized, the Tenth Circuit's resolution of Plaintiffs' appeal could and likely will impact the scope of the eventual permanent injunction.  *Id.*  Thus, Defendants' argument in their Motion at page 11 that the Court's entry of a permanent injunction will not affect, or interfere with, the Tenth Circuit's decision on Plaintiffs' appeal misses the point.  The Court sought to avoid the waste of time and resources in the district court on matters that could be impacted by Plaintiffs' appeal because the Tenth Circuit's resolution of Plaintiffs' appeal could provide guidance and/or instruction on the construction of the jury verdict and the permissible scope of Plaintiffs' permanent injunction, as well as other post-judgment issues.[3]  Nothing has

---

[3] In another ruling on June 8, 2017, the Court held that it would not be prudent to make a "prevailing party" determination at that time or enter an interim attorney's fee award due to the procedural posture of the case—*e.g.*, Plaintiffs' pending appeal and the likelihood that all parties would file motions for judgment as a matter of law following entry of a final judgment.  June 8, 2017 Order [Dkt. No. 374] at 3-4.  The procedural posture has not changed.  Undoubtedly, Defendants intend to resurrect their premature motion for attorney's fees if the Court were to grant Defendants' Motion.  This would further frustrate the Court's goal of conserving judicial resources and avoiding the waste of time on matters that could

changed since the Court entered its stay on permanent injunction briefing that would invalidate the Court's reasoning in its June 8, 2017 Order.

### 2. The scope of the final judgment may be impacted by the Tenth Circuit's resolution of Plaintiff's appeal.

In addition, Plaintiffs' interlocutory appeal also requests that the Tenth Circuit resolve issues that are ancillary to the Court's determination of its Order denying in part and granting in part Plaintiffs' motion for permanent injunction.  Such ancillary issues could include whether Defendant KIVA should be held vicariously liable for the actions of Defendant Dr. Khalev.  The Tenth Circuit's decision on the appeal could result in a change in, and thus impact, the liability of KIVA for misappropriation of trade secrets and conversion for the purposes of the final judgment.  Consequently, the Defendants' request that the Court enter a final judgment that could be impacted by the Tenth Circuit's resolution of Plaintiffs' appeal also violates the intent and spirit of this Court's stay Order.

## II. Defendants' Motion disregards well-established Tenth Circuit precedent holding that a dismissal without prejudice of claims does not create finality.

### A. Because Defendants' counterclaims were dismissed without prejudice, entering a final judgment would be inappropriate.

The long-standing and well-established rule in the Tenth Circuit is that the dismissal *without prejudice* of a claim does not create finality and does not create appellate jurisdiction for other adjudicated claims.  *E.g.*, *Eastom v. City of Tulsa*, 783

---

be affected by the Tenth Circuit's resolution of Plaintiffs' appeal—such as a "prevailing party" determination—as evidenced by the three Orders it issued on June 8, 2017.  *See* Dkt. Nos. 373-375.

F.3d 1181, 1184 (10th Cir. 2015); *CCPS Transp., LLC v. Sloan*, 611 F. App'x 931, 933 (10th Cir. 2015); *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992).

The rationale for the rule and the decisions cited above is two-fold.  First, the Tenth Circuit determined that a party "cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntary dismissal of her remaining claims and then appealing the claim that was [adjudicated]."  *Cook*, 974 F.2d at 148; *see also Heimann*, 133 F.3d at 769 ("Parties may not confer appellate jurisdiction upon [the Tenth Circuit] by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed."). Second, the Tenth Circuit emphasized that when a party dismisses a claim without prejudice, like Defendants have done with their counterclaims in this case, that party is free to re-file the claim at any time.  The Tenth Circuit further explained the rationale for the rule as follows:

> dismissing something without prejudice usually means you may seek to revive it any time. And that's usually insufficient to generate the sort of final judgment § 1291 requires. After all, allowing parties to split their claim like this, with some portion subject to revival in district court and another portion proceeding in the appellate court, ***risks different judgments on the same claim and years of needless litigation to unscramble the mess***.

*CCPS Transp., LLC v. Sloan*, 611 F. App'x at 933 (emphasis added).

Defendants' request for entry of a final judgment following the dismissal without prejudice of their counterclaims represents the exact type of judicial maneuvering Rule 54(b) and the Tenth Circuit holdings cited above are designed to prevent.  In fact, the Tenth Circuit has expressly repudiated what Defendants seek to accomplish through their

Motion.  In *Cook*, after the district court denied the plaintiff's Rule 54(b) certification request, the plaintiff attempted to achieve finality through the dismissal without prejudice of the remaining unadjudicated claims.  The Tenth Circuit disavowed the plaintiff's attempts to achieve finality through the dismissal without prejudice of the unadjudicated claims, noting that

> [a] plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntarily dismissal of her remaining claims and then appealing the claim that was dismissed with prejudice.  Here, [plaintiff] has attempted to subvert the requirements of Rule 54(b) by voluntarily dismissing her first and second claims when the district court would not grant certification on her third claim for relief.

*Cook*, 974 F.2d at 148.

The Tenth Circuit's reasoning in *Cook* is directly applicable here.  Defendants cannot subvert the requirements of Rule 54(b) by dismissing without prejudice their counterclaims in order to manufacture finality and appellate jurisdiction, where this Court has already rejected their request for Rule 54(b) certification.  Defendants remain free to re-file their dismissed counterclaims at any time.  Indeed, they have never repudiated or disclaimed their intent to re-file their claims at a later date.

It makes no difference that it is only Defendants' **counterclaims** that remain pending, and that all of Plaintiffs' claims (minus their request for injunctive relief) have been adjudicated.  As the Tenth Circuit stated in *Heimann*, "The plain language of Rule 54(b) equates counterclaims with all other claims.  Because the district court disposed of Plaintiffs' claims on the merits but dismissed Defendants' counterclaims without prejudice, the court disposed of 'fewer than all the claims' on the merits." *Heimann*, 133

F.3d at 769. The Tenth Circuit in *Heimann* held that the dismissal without prejudice of the defendants' counterclaims did not confer appellate jurisdiction as to the plaintiffs' claims on appeal, and further noted that the appeal was subject to dismissal. *Id.*[4]

Based on correspondence between Counsel, Plaintiffs anticipate Defendants may argue that an exception to the rule is applicable in this case. Such an argument would be mistaken. The exception is explained in *Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1275 (10th Cir. 2001) as follows:

> where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.

This exception is not applicable here because the dismissal of Defendants' counterclaims without prejudice leaves such counterclaims subject to further proceedings in this Court, i.e. they can be refiled. Consequently, the holdings in *Easton, CCPS Transportation, Heimann* and *Cook* are controlling.

### B. Defendants' Motion and Brief ignores the overwhelming weight of Tenth Circuit authorities.

Defendants' Motion and Brief ignores the well-developed body of case law in the Tenth Circuit cited above regarding the effect of a dismissal of claims without prejudice regarding a final judgment. Instead Defendants' Motion addresses only cases from circuit courts of appeal outside of the Tenth Circuit and a Tenth Circuit decision from 1960 in arguing that the dismissal without prejudice of their counterclaims permits the

---

[4] Without determining whether a Rule 54(b) certification would be appropriate, the court in *Heiman* notified the plaintiffs of the jurisdictional defect in order to allow them time to seek a Rule 54(b) certification from the district court. *Id.* at 770. In this case, Defendants have already sought, but failed to obtain, a Rule 54(b) certification.

Court to enter final judgment.  Defs.' Motion at 8-9.[5]  Defendants should have been aware of the controlling Tenth Circuit authority on this issue prior to filing their Motion and Brief.  In previous briefing in this Court, Plaintiffs cited *Eastom v. City of Tulsa* and *CCPS Transp., LLC v. Sloan* (discussed *supra* as well) for the proposition that "[a] dismissal without prejudice of an unresolved claim is insufficient to render an order a final judgment."  Plaintiffs' Reply in Support of Their Motion to Strike Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. No. 354), at 4-6 & n.1.  In addition, when Defendants requested Plaintiffs' consent to the dismissal of their counterclaims without prejudice, Plaintiffs' Counsel anticipated that Defendants intended to dismiss their counterclaims in an attempt to remove an impediment to seeking a final judgment.  Plaintiffs' Counsel informed Defendants' Counsel that Plaintiffs consented to the dismissal, but that their research and prior briefing indicated that a dismissal without prejudice would not remove an impediment to there being a final judgment in this case.  *See* Ex. 1, July 21, 2017 email from Randall Snapp to Evan Talley, Jordan Sigale and Douglas Sorocco.

### C.     Any renewed request for Rule 54(b) certification should be denied.

While Defendants' Motion does *not* request that the Court certify the judgment under Rule 54(b), any implicit request for the Court to do so should be rejected.  The Court properly denied Defendants' previous certification request in its Order striking

---

[5]     Defendants' citation to *Frankfort Oil Co. v. Snakard*, 279 F.2d 436, 437 (10th Cir. 1960) is misguided.  There is no indication in *Frankfort*, decided thirty-two years before the earliest of the Tenth Circuit cases cited above, that the claims at issue in that case were dismissed without prejudice.

Defendants' Renewed Motion for Judgment as a Matter of Law.  June 8, 2017 Order [Dkt. No. 373] at 3.  The Court did so for two principal reasons, both of which remain valid.  First, the Court found that it had not fully disposed of Plaintiffs' claim for injunctive relief.  *Id.*  Second, the Court found that Defendants' counterclaims remained pending and that Plaintiffs' claims "are not separable from at least one, if not more, of the remaining counterclaims."  *Id.*

As to the first reason, Defendants' Motion concedes that Plaintiffs' permanent injunction remains unresolved, but inappropriately asks the Court to enter an extremely narrow permanent injunction of their own formulation in order to pave the way for entry of final judgment.  Defs.' Motion at 7-8.  Even if the Court did enter such a limited injunction, Plaintiffs' request for permanent injunction would not be fully disposed of, since the Tenth Circuit has yet to decide the issues on appeal concerning the scope of injunctive relief.

Turning to the Court's second reason for denying Defendants' certification request, the counterclaims remain unresolved for purposes of Rule 54(b) even though they have been dismissed without prejudice.  *E.g.*, *Heimann*, 133 F.3d at 769.  Further, the Court has already determined that Plaintiffs' claims "are not separable from at least one, *if not more*, of the remaining counterclaims." (emphasis added).  The Court's Order denying certification cited *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 775 (10th Cir. 2010), where the Tenth Circuit held that a Rule 54(b) certification of inseparable claims that had previously been dismissed without prejudice was reversible

error.  June 8, 2017 Order [Dkt. No. 373] at 2.[6]  Therefore, Rule 54(b) certification would be just as inappropriate now that Defendants' counterclaims have been dismissed without prejudice as it was when the Court originally denied Defendants' certification request. According to *Inola Drug*, it would be reversible error.

### D. Defendants' cited authorities on this Court's jurisdiction are inapplicable.

Furthermore, Defendants' authorities on the District Court's jurisdiction to proceed with the case are inapplicable.  Defs.' Motion at 10.  First, all of the authorities Defendants rely upon to support their jurisdiction argument deal with *preliminary* injunctions, rather than the permanent injunction at issue here.  Plaintiffs have previously pointed out Defendants' error in conflating the two types of injunctions, and the same error is apparent here.[7]  Second, proceeding with "other aspects of the case" while a preliminary injunction is pending (*see* Defs.' Motion at 10 (emphasis added)) is very different from issuing additional findings regarding the very thing being appealed, *i.e.*, the permanent injunction.  Third, even assuming the Court has *jurisdiction* to make further findings on the permanent injunction issue, that does not mean it would be

---

[6]     This Court's reliance on and citation of *Inola Drug* in its June 8, 2017 Order should also have provided Defendants with prior notice that dismissing claims without prejudice will not render a judgment a final judgment or justify a Rule 54(b) certification.

[7]     *See* Plaintiffs' Reply in Support of Their Motion to Stay Proceedings Pending Appeal [Dkt. No. 347] at 6-7; *see also* Wright & Miller, 16 *Fed. Prac. & Proc.* § 3921.2 (3d ed.) ("Appeals from interlocutory orders granting permanent injunctions again may seem to present special considerations . . . The conclusion that the appeal terminates district court power to modify the order is less dangerous in this setting.").

*prudent* to do so, as the Court has already determined in its June 8, 2017 Order entering a stay on permanent injunction briefing.

Plaintiffs must address one final argument Defendants may make in favor of their request for entry of final judgment.  In recent correspondence sent to Plaintiffs' Counsel, Defendants have now asserted— despite their filing of their counterclaims in this lawsuit in the first place—that some of their counterclaims were never "truly viable" in the absence of a final, non-appealable judgment entered in favor of at least one of the Defendants on Plaintiffs' claims.  Defendants' apparent admission is troubling.  First, Defendants are wrong on the law.  Defendants have never provided any authority that each of their six counterclaims that were recently dismissed without prejudice require the entry of a final, non-appealable judgment in Defendants' favor in order to be viable, as Plaintiffs pointed out in prior briefing.[8]  Second, if Defendants' counterclaims were never "truly viable" when they brought them, they should have never been filed.  Regardless, Defendants' argument is without merit, and does not support the entry of a final judgment.

## CONCLUSION

In sum, Defendants' Motion should be summarily denied for violating the Court's stay.  Furthermore, Defendants' contention that the dismissal *without prejudice* of their counterclaims converts the Court's non-final February 17, 2017 Judgment into a "final" judgment is meritless under controlling Tenth Circuit case law.  Accordingly, Plaintiffs

---

[8]     *See* Plaintiffs' Reply in Support of Their Motion to Strike Defendants' Renewed Motion for Judgment as a Matter of Law [Dkt. No. 354] at 8.

respectfully request that the Court deny Defendants' Motion for Entry of Final Judgment

(Dkt. No. 390), and request such other and further relief as this Court deems appropriate.

Dated this 15th day of August, 2017.          Respectfully submitted,

s/ Andrew E. Henry
Randall J. Snapp, OBA #11169
CROWE & DUNLEVY
A Professional Corporation
321 South Boston Avenue, Suite 500
Tulsa, OK  74103
(918) 592-9855; (918) 599-6335 (Fax)
randall.snapp@crowedunlevy.com

Drew Palmer, OBA #21317
Allen Hutson, OBA #30118
Tynia Watson, OBA #30765
Andrew Henry, OBA #32009
CROWE & DUNLEVY
A Professional Corporation
324 North Robinson Avenue, Suite 100
Oklahoma City, OK  73102
(405) 235-7700; (405) 239-6651 (Fax)
drew.palmer@crowedunlevy.com
allen.hutson@crowedunlevy.com
tynia.watson@crowedunlevy.com
andrew.henry@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFFS
IOFINA, INC., IOFINA RESOURCES,
INC., AND IOFINA CHEMICAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2017, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Evan W. Talley
Douglas J. Sorocco
Jordan Sigale
Dunlap Codding, PC
609 W. Sheridan Avenue
Oklahoma City, OK  73102
(405) 607-8600
(405) 607-8686 (Facsimile)
etalley@dunlapcodding.com
dsorocco@dunlapcodding.com
jsigale@dunlapcodding.com

**ATTORNEYS FOR DEFENDANTS
IGOR KHALEV AND KIVA
HOLDING, INC.**

s/ Andrew E. Henry
Andrew E. Henry

3245628.7

14